

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

L. LEE BURKS,
    Plaintiff

v.

UNITED STATES POSTAL SERVICE,
    Defendant.

No. 08 C 5869

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

L. Lee Burks alleges that the United States Postal Service reneged on a contract it had with him. The USPS moves to dismiss, arguing that this Court lacks jurisdiction.

According to Burks, the USPS issued a check to him and Frank McCorkle in 2003.[1] The check contained a disclaimer that it would be void after one year from the date of issue. (Compl., Ex. A.) For reasons Burks does not explain, he never cashed or deposited the check. In August 2006, Burks wrote to then Postmaster General John E. Potter and requested that the USPS reissue the check. (Compl., Ex. B). The USPS forwarded Burks's request to the accounting department, which agreed in a September 2006 letter to reissue the check provided that Burks return the 2003 check in self-addressed envelope. (Compl., Ex. B). Burks alleges that he followed the USPS's instructions, but that it never reissued the check. Burks claims that the September 2006 letter created an enforceable contract and the USPS has breached this contract.

---

[1] The remittance slip suggests that the check might have been issued pursuant to a legal settlement. *See* Compl., Ex. A. In a column for "travel dates/invoice/claim number," the remittance slip lists a 9 digit number followed by "McCorkle v USPS."

1

To sue the United States or its agencies in federal court, a plaintiff must identify both a basis for subject matter jurisdiction in the district court and a law that waives the sovereign immunity of the United States to the cause of action. *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003). Here, Burks purports to bring a common law contract claim, asserting that the Postal Reorganization Act, 39 U.S.C. § 409(a), confers jurisdiction upon this Court.

The plain language of § 409(a) of the Postal Reorganization Act appears to confer jurisdiction upon United States district courts, concurrently with state courts. 39 U.S.C. § 409(a). It reads "[e]xcept as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). Despite this apparently unambiguous language, the USPS argues that § 409(a) does not provide a basis for jurisdiction. The USPS finds support for its position in the Seventh Circuit's decision in *Peoples Gas, Light and Coke Co. v. U.S. Postal Service*. In *Peoples Gas*, the court held bluntly that § 409(a) did not provide "an independent basis for jurisdiction" and that a plaintiff seeking to sue under § 409(a) must add "a substantive legal framework to afford subject matter jurisdiction." 658 F.2d 1182, 1189 (7th Cir. 1981); *see also Miller v. U.S. Postal Serv.*, 815 F. Supp. 1195, 1199 (S.D. Ind. 1993) (applying but not discussing the holding in *Peoples Gas*); *Westwood Promotions, Inc. v. U.S. Postal Serv.*, 718 F. Supp. 690, 693 (N.D. Ill. 1989) (applying but not discussing the holding in *Peoples Gas*). The Seventh Circuit reasoned that, rather than provide a basis for jurisdiction, § 409(a) instead removes any barrier "that might otherwise exist by reason of the doctrine of sovereign immunity." *Peoples Gas, Light and Coke Co.*, 658 F.2d at 1189.

The holding in *People's Gas* at first blush appears to foreclose the possibility that § 409(a)—by itself—provides a basis for this Court to entertain this dispute. Despite the holding in *People's Gas*,

however, the Seventh Circuit later revisited § 409(a) and held that it did provide a basis for jurisdiction for a landlord-tenant dispute between a plaintiff and the USPS. *Powers v. U.S. Postal Serv.*, 671 F.2d 1041, 1042 (7th Cir. 1982). In this regard *Powers* neither explicitly overruled nor endorsed the jurisdictional holding of *Peoples Gas*, and instead looked to it only for support for the principle that § 409(a) did not create any substantive rights under which a plaintiff might bring suit. *Id.*

The holdings of *Peoples Gas* and *Powers* appear to conflict. *Peoples Gas* suggests that § 409(a) does not provide a basis for jurisdiction for suits brought against the USPS. *Powers* states the opposite, holding quite clearly that § 409(a) does provide the jurisdictional basis for suits brought against the USPS. The USPS makes no effort to reconcile these competing holdings, suggesting erroneously that *Powers* reiterated the holding of *Peoples Gas*. Nor does the USPS attempt to reconcile the holding of *People's Gas* with the plain language of § 409(a).

Another circuit has noticed the confusion between *Peoples Gas* and *Powers* as it grappled with a similar application of § 409(a). *See Continental Cablevision of St. Paul v. U.S. Postal Serv.*, 945 F.2d 1434 (8th Cir. 1991). At the outset, *Continental Cablevision* questions the discussion in *Peoples Gas* regarding sovereign immunity, pointing out that § 401(1), not § 409(a), is the statute that permits the USPS to sue or be sued. It suggests that *Peoples Gas* "completely fails to come to grips with the plain words of Section 409(a)." *Id.* at 1438. *Continental Cablevision* explains that the court in *Peoples Gas* needed to decide the issue of whether an action was judicially reviewable and that where there was "no law to apply" an agency action would be unreviewable. *Id.* (citing *Peoples Gas, Light and Coke Co.*, 658 F.2d at 1190 & *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d

3

136 (1971)).[2] In other words, according to *Continental Cablevision*, the court in *Peoples Gas* was searching for a substantive legal framework in order to provide a basis for the plaintiff's claims because § 409(a) created no affirmative legal duties. *Id.* In this case, Burks does not rely on § 409(a) to provide the substantive legal framework for his claim; his claim instead sounds in contract.[3]

The Eighth Circuit's interpretation of *Peoples Gas* meshes with the spin placed upon it by *Powers*. *Powers*, 671 F.2d at 1042 (holding that § 409(a) confers jurisdiction but does not create substantive rights). Other circuits, noting the plain language of the statute, agree that § 409(a) provides an independent jurisdictional basis for claims brought against the USPS. *See, e.g. LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006); *B&B Trucking, Inc. v. U.S. Postal Serv.*, 406 F.2d 766, 773 (6th Cir. 2005); *Boehme v. U.S. Postal Serv.*, 343 F.3d 1260, 1262 (10th Cir. 2003); *Kerin v. U.S. Postal Serv.*, 116 F.3d 988, 990 n. 1 (2d Cir. 1997); *Licata v. U.S. Postal Serv.*, 33 F.2d 259, 261 (3rd Cir. 1994); *Continental Cablevision of St. Paul*, 945 F.2d at 1437-38; *Am. Postal Workers Union v. U.S.*

---

[2] In fact, *Peoples Gas* itself recognizes that it terms as subject matter jurisdiction might also be described as judicial reviewability. *Peoples Gas*, 658 F.2d at 1182 n.3. *Continental Cablevision* suggests that *Peoples Gas* conflates the question of whether a cause of action exists with the question of subject matter jurisdiction. *Continental Cablevision of St. Paul*, 945 F.2d at 1438-39.

[3] The USPS, in its reply brief, appears to argue that Burks has not sufficiently pleaded a claim for breach of contract. This argument borders on the absurd. The USPS states that Burks "fails to allege whether there was any consideration for the alleged contract, or whether the Postal Service had made an offer which he had accepted, or whether he had complied with its terms thereto." Quite the contrary, Burks alleges that the USPS offered to send him a replacement check if Burks returned the original check, which, he alleges, he did. Even had Burks not pleaded these allegations, Rule 8 requires only a short and plain statement of a claim and does not require a plaintiff to plead facts. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081-83 (7th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The USPS later implies that Burks's claim is insufficient because he failed to attach a copy of any contract to the Complaint. Apart from being factually erroneous (Burks *did attach* a copy of the letter from the USPS on which he bases his claim), a plaintiff need not offer proof of the existence of a contract at the time of pleading.

*Postal Serv.*, 830 F.2d 294, 312 n.33 (D.C. Cir. 1987); *Insurance Co. of North Am. v. U.S. Postal Serv.*, 675 F.2d 756, 757-58 (5th Cir. 1982); *Kennedy Elec. Co. v. U.S. Postal Serv.*, 508 F.2d 945, 955 (10th Cir. 1974); *White v. Bloomberg*, 501 F. 2d 1379, 1384 n. 6 (4th Cir. 1974); *but see Currier v. Potter*, 379 F.3d 716, 725 (9th Cir. 2004). The Court holds that *Powers* provides the more convincing voice on the question of whether § 409(a) provides a basis for jurisdiction and further holds that absent some other statutory bar, § 409(a) grants district courts subject matter jurisdiction over actions to which the USPS is a party.[4]

The USPS offers two theoretical statutory bars to Burks's claims, the latter of which it raises for the first time in its reply brief.[5] First, the USPS argues that the Tucker Act divests this Court of subject matter jurisdiction. The United States has waived its sovereign immunity as to contract disputes pursuant to the Tucker Act. *See Pershing Div. Of Donaldson, Lufkin & Jenrette Sec. Corp. v. United States*, 22 F.3d 741, 743 (7th Cir. 1994); *Frerichs v. United States*, No. 05 C 5900, 2006 WL 200812, *2 (N.D. Ill. Jan. 23, 2006). The Tucker Act also confers exclusive jurisdiction over contract disputes *against the United States* exceeding $10,000 to the United States Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a)(2); *Greenleaf Ltd. P'Ship v. Ill. Hous. Dev. Auth.*, No. 08 C

---

[4] Even were this Court to hold otherwise, jurisdiction would still be proper under the USPS's theory. *Continental Cablevision* notes that "'[s]uits to enforce contracts with federal agencies are governed by federal common law, and as a result arise under federal law for purposes of section 1331.'" *Continental Cablevision of St. Paul*, 945 F.2d at 1440 (quoting *Western Sec. Co. v. Derwinski*, 937 F.2d 1276 (7th Cir. 1991)). Thus, 28 U.S.C. § 1331 provides an additional framework to support jurisdiction. *Id.*

[5] Although it is well settled that parties waive arguments raised for the first time in reply, *Argyropolous v. City of Alton*, 539 F.3d 724, 740 (7th Cir. 2008), jurisdictional arguments may not be waived because the Court has an obligation to police its own jurisdiction, *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005). Of course, the Court would have been better served had the USPS given its opponent an opportunity to brief fully this issue rather than raise it for the first time in its reply.

5

2480, 2009 WL 449100, *3-4 (N.D. Ill. Feb. 23, 2009); *Frerichs*, 2006 WL 200812, *2. The USPS, however, is a sufficiently separate legal entity, and the Tucker Act does not apply. *Licata*, 33 F.3d at 263; *Continental Cablevision of St. Paul*, 945 F.2d at 1440; *Jackson v. United States Postal Serv.*, 799 F.2d 1018, 1022 (5th Cir. 1986); *Benderson Dev. Co. v. U.S. Postal Serv.*, 998 F.2d 959, 962 (Fed. Cir. 1993). Second, the USPS argues that the Contract Disputes Act preempts the general grant of jurisdiction in § 409(a). The Contract Disputes Act governs express or implied contracts entered into by an executive agency for the procurement of services or property. 41 U.S.C. §§ 602(a)(1-2). Nothing in the Complaint remotely implies that the Contract Disputes Act might be relevant here.

The Court finds that § 409(a) provides a basis for subject matter jurisdiction over Burks's claim and therefore DENIES the USPS's Motion to Dismiss.

IT IS SO ORDERED.

4/17/09
Dated

Hon. William J. Hibbler
U.S. District Court